**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Talmade Laroy Hill, | |
|     Petitioner, | No. CV-12-00985-PHX-PGR (LOA) |
| vs. | ORDER |
| Ron Creio, et al., | |
|     Respondents. | |

    Having reviewed *de novo* the Report and Recommendation of Magistrate Judge Anderson in light of the petitioner's document entitled "Timely Petition" (Doc. 18), which the Court construes as the petitioner's objections to the Report and Recommendation, the Court finds that the petitioner's objections should be overruled because the Magistrate Judge properly concluded that the petitioner's habeas petition, filed pursuant to 28 U.S.C. § 2254, should be dismissed as time-barred.

    The Court agrees with the Magistrate Judge that since the AEDPA's one-year statute of limitations expired on September 22, 1999 pursuant to 28 U.S.C. § 2244(d)(1)(A) and § 2244(d)(2), the petitioner's habeas petition, which was not filed until May 3, 2012, was untimely by more than 12½ years. The Court further agrees with the Magistrate Judge that the petitioner is not entitled to any equitable tolling of

the limitations period because his only stated excuse for the untimely filing, which is that he did not know that the AEDPA's statute of limitations existed, is insufficient to demonstrate that an extraordinary circumstance made it impossible for him to file a timely petition.  Therefore,

IT IS ORDERED that the Magistrate Judge's Report and Recommendation (Doc. 16) is accepted and adopted by the Court.

IT IS FURTHER ORDERED that the petitioner's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody is denied and that this action is dismissed.

IT IS FURTHER ORDERED that no certificate of appealability shall issue and that the petitioner is denied leave to appeal *in forma pauperis* because the dismissal of the petitioner's habeas petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

IT IS FURTHER ORDERED that the Clerk of the Court shall enter judgment accordingly.

DATED this 1st day of October, 2013.

Paul G. Rosenblatt
United States District Judge